Pratt, J.
The exception to the allowance by the court of the challenge to the jury was not an injury to the appellant. Respondent was entitled to two peremptory challenges which were not resorted to. She, therefore, had the absolute right to exclude the juror from the box. The case of Hildreth v. The City of Troy is not an authority against this ruling. In that case the court held that as a matter of law all the jurors who were residents of the city of Troy were disqualified, by reason of interest, from serving in that case.
In this case the challenge was to favor, and it was a question of fact for the trial judge to determine whether the juror stood indifferent between the parties. The facts elicited plainly showed bias upon the part of the juror. The manner of his testifying, as well as the facts testified to, warranted the judge in setting the juror aside, while the facts did not bring the case within the statutory disqualification for challenge for principal cause, enough was disclosed to satisfy the judge that the juror could not impartially try the cause. In this, we think, there was no error.
The motion for new trial, on the ground the verdict was against evidence, was properly denied. There was abundant evidence to sustain the verdict, nor can it be said that the damages were excessive. !
The charge of the court was so favorable to the defendants that there is little to discuss on this appeal. There can be no doubt that the ruling, that notice to one commissioner was sufficient to charge the board with notice was correct. It has never been held that actual notice to each member of a public body is required to impose upon them a duty to act.
The proof that the commissioners had in their hands eighty dollars unexpended at the close of the year 1882, and that the repairs to the road could have been made for $2.50, was ample to show them possession of funds.
*830 Were it necessary to show the commissioners in possession of funds sufficient to make all desirable improvements, these actions would be substantially abolished.
The rules of law were declared to the jury substantially as requested by the defense.
No valid exceptions appear, and we are satisfied that the verdict, though liberal, does not call for the interference of the court.
Barnard P. J., concurs.